## ERROR—STATUTES—EMINENT DOMAIN—COSTS AND FEES—JURY.

[Hamilton (1st) Circuit Court, November 30, 1904.]

Giffen, Jelke and Swing, JJ.

ALICE HOSBROOK ET AL. v. LOVELAND & C. TRACTION CO.

1. PARTY NOT AFFECTED BY ORDER TAXING COSTS UNDER LAN. R. L. 8698 (R. S. 5182) MAY PROSECUTE ERROR TO PROTECT PERSON NOT A PARTY, WHEN.

The original defendant in an action, may prosecute error to protect the officers of the county, who, although not parties to the action, will be affected by an order taxing costs under Lan. R. L. 8698 (R. S. 5182).

2. LANING R. L. 10015 (R. S. 6438) CONSTRUED.

The provision of Lan. R. L. 10015 (R. S. 6438) relating to error proceedings in appropriation. proceedings, that the common pleas court "shall retain the cause for trial and final judgment, as in other cases," does not authorize a judgment for costs other or different from that prescribed by Lan. R. L. 9990 to 10030 (R. S. 6414 to 6453). Hence, the fees of jurors, in appropriation proceedings, should be taxed as part of the costs under Lan. R. L. 9990 (R. S. 6414) *et seq.*, and not under Lan. R. L. 8698 (R. S. 5182).

3. ORDER AFTER JUDGMENT IN APPROPRIATION PROCEEDINGS DIRECTING PAYMENT OF JURY FEES A FINAL ORDER UNDER LAN. R. L. 10297 (R. S. 6707).

An order of the trial court made upon a summary application after judgment, directing that the jury fees in an appropriation proceeding be paid as provided by Lan. R. L. 8698 (R. S. 5182), is a final order within the meaning of Lan. R. L. 10297 (R. S. 6707).

4. IRREGULARITY IN SELECTING JURY IN APPROPRIATION CASE NOT OPEN TO OBJECTION, WHEN.

The action of the court, in an appropriation proceeding, in filling the jury panel by selecting jurors from fifty names drawn from the jury wheel by the clerk, is not open to objection on the part of the corporation plaintiff. when the jurors so selected were accepted and sworn without objection, and the corporation accepted the benefits of the trial without any prejudice to its rights appearing.

5. PAYMENT TO PART OF PROPERTY OWNERS PENDING ERROR PROCEEDINGS WILL NOT RELIEVE CORPORATION FROM PAYING COSTS, WHEN.

Where the corporation plaintiff in appropriation proceedings settles with part of the property owners pending error proceedings, and without a judgment being entered, it cannot thereby avoid the payment of costs after receiving the benefits of the trial.

ERROR to Hamilton common pleas court.

F. C. Ampt, L. A. Ireton, W. R. Collins and W. M. Schoenle, for plaintiffs in error:

The entry directing the payment of jury fees is a final order as defined by Lan. R. L. 10297 (R. S. 6707).

A condemnation case under Chap. 8 of the probate code is a special proceeding. *Dayton & W. Ry.* v. *Marshall*, 11 Ohio St. 497.

Hosbrook v. Traction Co.

It is the substantial right of a party to see that the costs of the case are properly taxed *Abbey* v. *Fish,* 23 Ohio St. 403, 413.

A petition in error must be prosecuted by a part to the record. *Hanover* v. *Sperry,* 35 Ohio St. 245; *Fiedeldey* v. *Diserens,* 26 Ohio St. 312; Lan. R. L. 10300 (R. S. 6709) and Lan. R. L. 10305 (R. S. 6713).

**Wallace Burch,** for defendant in error.

## GIFFEN, J.

This action originated in the court of insolvency and was commenced to appropriate property by the traction company, a corporation. The court sustained a motion to make the petition more definite and certain, and the plaintiff not desiring to amend, the action was dismissed. Error was prosecuted, the judgment reversed, and the cause retained in the court of common pleas for trial and final judgment. That court having first determined the right of the corporation to make the appropriation of the property described in the petition, ordered that the names of sixteen jurors be drawn from the box to assess compensation, and that a venire issue for their appearance. Upon return of the writ, and it appearing that the panel was incomplete, the clerk was directed to draw forthwith from the jury box the names of fifty persons to serve as jurors in this case and a venire ordered accordingly. The panel being thus filled, each juror selected was interrogated as to whether he was in any way interested either as owner or agent or otherwise in the property sought to be condemned and appropriated, and each answering in the negative, and neither party excepting thereto, said jurors were duly sworn.

After a verdict by the jury a motion was made to retax costs, and it was ordered that the fees of the jury be not taxed as an item of costs against plaintiff but that the same be paid as provided by Lan. R. L. 8698 (R. S. 5182). To this order the defendants below prosecute error.

It is claimed by the defendants in error that no prejudicial error is stated in the petition in error, and that the plaintiffs in error are not the proper parties. The question concerns the traction company and the county, which is in no way represented in this proceeding, except as the plaintiffs in error may be said to represent all persons interested in the costs of suit.

In the case of *Fiedeldey* v. *Diserens,* 26 Ohio St. 312, a master commissioner sold certain real estate under foreclosure proceedings, but before the sale was confirmed the defendant paid to the plaintiff the amount of the judgment. The court thereupon set the sale aside and ordered the

defendant to pay the costs. On motion of the defendant, the court ordered a retaxation of the costs by striking out an item of $70 as poundage. To this order the master excepted and filed his petition in error in the district court. Welch, C. J., says on page 314:

"But there is another ground on which it seems to us the judgment of the district court must be held erroneous, and that is that the proper parties in error were not before that court. The petition in error should have been prosecuted by a party in the action, and not by the master. To hold otherwise would be to hold that every officer, and every witness entitled to costs in a case, might prosecute a proceeding in error to reverse the court's order disallowing his claim for costs."

In that case, the order was in favor of the defendant, who was therefore not complaining. The plaintiff could not be affected by the order in any event. None of the parties were interested in prosecuting error, the master alone being concerned.

So in this case, no substantial right of the plaintiffs in error is affected by the order; but being the original defendants in the action, they file a petition in error to protect the officers of the county, who, although not parties to the action, will be affected by the order made.

The policy of avoiding a multiplicity of suits is a sufficient reason for allowing the original parties to file a petition in error for the protection of persons interested in the costs of a cause.

Did the court err in making the order?

As a basis for the order the court found that "the jury impaneled in this cause over the objections of the plaintiff was the regular jury provided for by Lan. R. L. 8680 (R. S. 5165), and not the jury provided for by Lan. R. L. 9998 (R. S. 6421)."

In the first place, there is no substantial difference in the proceedings under these two sections, except as to the time when the jurors shall attend.

Laning R. L. 9998 (R. S. 6421) provides that sixteen names shall be drawn by the clerk and sheriff from the jury box, and the writ served and returned as in other cases.

Second. The record shows that the names of the jurors were drawn from the jury box to assess the compensation and not to serve as regular jurors.

Third. The jury fees which shall be taxed as costs against the corporation, under Lan. R. L. 10028 (R. S. 6451), are those of "jurors summoned, and attending, or serving, in accordance with the provisions" of Chap. 8, Title II, Rev. Stat.; and it is not claimed that the jurors

were not summoned or did not serve in accordance with the provisions of that chapter.

Nor is any prejudice to the defendant in error shown, by reason of the selection of the twelve jurors that tried the case, but it is claimed only that by reason of the omission of some form in impaneling the jury the fees of the jurors should not be taxed as a part of the costs against the corporation. Laning R. L. 10013 (R. S. 6436), contemplates a first and second jury trial in the common pleas court, and provides that if the verdict be more than first rendered, the costs of the second trial shall be paid by the corporation.

Laning R. L. 10017 (R. S. 6440) provides that, in case the probate judge is disqualified, the case may be commenced in the court of common pleas, and the proceedings shall conform in all respects, so far as applicable, to the provisions of Chap. 8, Title II, Rev. Stat.

It seems clear, therefore, that the provision in Lan. R. L. 10015 (R. S. 6438), that the court of common pleas "shall retain the cause for trial and final judgment, as in other cases," does not authorize a judgment for costs other or different from that prescribed in that chapter; but directs that the case be retained and tried as other cases so far as the proceedings are applicable and not inconsistent with the provisions of the statute for the appropriation of property.

The only exception taken was to the order directing the clerk to draw fifty names from the jury wheel to fill up the panel—some of those originally drawn being not found or for good cause excused. From this venire a sufficient number to fill up the panel were accepted and sworn without any objection to the jurors so selected, and defendant in error accepted the benefits of a jury trial without any prejudice to its rights appearing. It did not request the court to order the sheriff to fill up the panel with talesmen or in any other manner, but was content with reserving an exception to the order of the court, without showing in what way it would be prejudiced. The primary object of drawing the names from the wheel is to insure a better class of jurors, and the original venire being made up from names so drawn, no good reason appears why vacancies may not be filled in the same way, except the delay in the trial of the cause, which was evidently the reason why the legislature provided in this one instance, that the panel might be filled up with talesmen. The purpose of the legislature was therefore more completely effected, without prejudice to the rights of the defendant in error, by selecting all the jurors from names drawn from the wheel, and none from the bystanders.

Hamilton County.

The order complained of is a final one within the meaning of Lan. R. L. 10297 (R. S. 6707), as it was a summary application in an action after judgment.

The defendant in error by answer admits that judgment was rendered on the verdict in favor of certain plaintiffs in error, and if it elected to settle with other plaintiffs in error without a judgment being entered, it cannot thereby avoid the payment of costs after receiving the benefits of a trial.

We are of opinion therefore that the court erred in ordering that the fees of the jury be not taxed as an item of costs.

SWING, J., dissenting.

This was an action by a corporation for the appropriation of private property. Laning R. L. 9990 (R. S. 6414) provides as follows:

"Appropriations of private property by corporations must be made according to the provisions of this chapter."

The first proposition of the syllabus in the case of *Dayton & W. Ry.* v. *Marshall*, 11 Ohio St. 497, is as follows:

"The probate court, under the act of April 30, 1852, to provide for compensation to owners of property taken for use of corporations, has a special and limited jurisdiction, to be exercised in the cases, and in the mode prescribed in the act; and that court cannot, under an order of the court of common pleas, and to carry into effect that order, take jurisdiction of a case, or proceed in a mode not authorized by the act."

Laning R. L. 9998 (R. S. 6421) provides as follows:

"If the judge determine these questions for the corporation, as to any or all of the property, and persons interested therein, he shall issue an order to the clerk and sheriff to draw sixteen names from the jury box, as in other cases, and within two days after the receipt of the same, they shall execute the order, and the clerk shall forthwith return it to the probate judge, with a list of the names drawn indorsed thereon; and the judge shall issue to the sheriff a venire for the jurors so drawn to attend at his office, at a time to be fixed by him, and named in the writ, not exceeding ten days from the date thereof, which shall be served and returned as in other cases."

Laning R. L. 10002 (R. S. 6425) provides:

"When, by reason of nonattendance, sickness, or other cause, any of the sixteen persons are not present and in condition to serve as jurors, the judge shall order the sheriff to fill the vacancies with talesmen."

Laning R. L. 10028 (R. S. 6451) provides:

"The jurors summoned, and attending or serving, in accordance with the provisions of this chapter, shall each receive the same fees per day as are provided by law for jurors in the court of common pleas, and also five cents per mile for each mile of the distance they are compelled to travel in the discharge of their duties; the witnesses shall be allowed the same fees and mileage as are allowed for attendance at the court of common pleas; the sheriff shall be entitled to such fees as he is allowed by law for similar services in other cases, but he shall not be allowed anything in the way of poundage, except on money made on execution; the clerk shall be entitled to a fee of one dollar and fifty cents for drawing, and certifying to the probate judge, the list of jurors; the probate judge shall be allowed to enter a charge of five dollars in the cost bill for each day occupied in the trial of a cause, in addition to his other fees provided by law; and the whole cost so taxed shall be adjudged against and paid by the corporation, except as provided in the next section."

The record in this case shows conclusively that the court did not in any way attempt to comply with Lan. R. L. 10002 (R. S. 6425). But the record clearly shows that the court under the general provision of the statutes applicable thereto summoned a jury to serve as a regular jury for the term of its court.

The only provision of the statute which authorizes the taxing of the costs of a jury against the prevailing party is where a jury has been summoned in accordance with the provisions of the chapter for the appropriation of private property. Against the objection of the corporation the judge did not order the sheriff to fill up the vacancies with talesmen as the statute plainly directs, but on the contrary under the general provision of the statute had a venire issued for fifty jurors, and from the venire all of the jurors but two were selected which tried the case.

The substantial difference between a jury made up from talesmen and those made up by a venire is shown in the case of *Passenger Ry.* v. *Young,* 21 Ohio St. 518 [8 Am. Rep. 78]. In the opinion of the court, at page 525, Judge White says:

"That whenever in any civil suit or criminal prosecution hereafter tried in any court of this state, it shall become necessary to summon a talesman or talesmen, either party may make a summary application to the court to issue a venire, and the court, when so requested, shall, as a matter of course, immediately issue a venire containing the names of so many discreet and suitable persons having the qualifications of electors, as the court shall deem expedient. But if no such application be made, the sheriff shall summon talesmen as heretofore.

Hamilton County.

"When the struck jury was reduced by excusing seven of them, the plaintiff in error requested the court to issue a venire under this statute; and the court selected seven names, and issued the venire. Upon its return the jury was again reduced by excuses and challenges, so that it became necessary to summon talesmen, and the court ordered the sheriff to fill up the panel by talesmen; but the counsel for the company objected thereto, and moved the court to issue another venire; but the court overruled the motion and directed the sheriff to proceed as already directed; to which the company excepted.

"Several reasons are urged by the defendant in error against the validity of this objection: (1) that the issuing of a second venire is not required by the statute; (2) that the application came too late; and (3) that the disregard of the statute constitutes no ground of error.

"It seems to us neither of these reasons can be allowed to prevail. The statute is imperative, and its meaning plain. Whenever there arises a necessity for summoning a talesman or talesmen, and there is the proper application, it is made the duty of the court, as a matter of course, to issue the venire. * * *

"We cannot assent to the position that the denial to a party of his right under this statute, is no ground of error. The sole object of the act is to secure to a party jurors selected by the court, when, for any reason, he is unwilling to submit to a selection by the sheriff. To refuse his application, when properly made, is to subject him to the very evil from which it was the design of the statute to relieve him. The effect of such refusal is to compel a party to submit the trial of his case to jurors selected by the sheriff, when the law required the selection to be made by the court. The right is as important to the party, as the right of peremptory challenge, the refusal to allow which, as well as its unauthorized allowance, has been held, in this state, to be good grounds of error."

The statute governing that case was the converse of Lan. R. L. 10002 (R. S. 6425), but the principal must remain, not having proceeded in accordance with the provisions of this chapter, I cannot understand how the costs of a jury can be assessed against a corporation, when the statute provides that in order to tax the costs of the jury against the corporation, it must be summoned in accordance with the provisions of that chapter. For this reason, I cannot concur with the foregoing conclusion of this court.

**JELKE, J.**

I·concur in the conclusion reached by Giffen, J., for the following reasons: I am of opinion that every doubt should be resolved in favor

Hosbrook v. Traction Co.

of drawing juries from the wheel, and every statute on the subject should if possible he interpreted in favor of that course.

The case of *Passenger Ry.* v. *Young,* 21 Ohio St. 518 [8 Am. Rep. 78], was decided in 1871 and the legislation which has culminated in the present statute law on the subject of drawing juries was not begun until 1873 (70 O. L. 167).

The case at bar does not present to my mind a true converse of *Passenger Ry.* v. *Young, supra.* The proposition there decided is that jurors summoned by the sheriff are not talesmen of a venire issued by the court under the act of March 22, 1849 (S. & C. 757).

The question here is: Are jurors drawn from the wheel "talesmen" within Lan. R. L. 10002 (R. S. 6425)? That talesmen are not bystanders in contemplation of the law of Ohio is shown by Lan. R. L. 8688 (R. S. 5173), which provides:

"When it is necessary to summon talesmen, the court, on motion of either party, shall select them, and cause to be issued immediately a venire for as many persons having the qualifications of a juror as, in the opinion of the court, may be necessary, which jurors shall be required to appear forthwith, or at such time as may be fixed by the court; but no person known to be in or about the courthouse shall be selected without the consent of both parties."

Why, then, are not jurors drawn from the wheel talesmen in a sense to satisfy every requirement of the law? Why should the judge in making his selection not have recourse to the wheel as well as to the city directory or his own recollection.

The word "tales" from the Latin "*talis*" means *such, like;* in this connection signifies such men or men of like qualifications with those of the original panel, and there is no suggestion that the men here used were not such.

If it is urged that the selection of talesmen requires an exercise of judgment or discretion on the part of the trial judge, *non constat*, but that it was the exercise of such discretion and the deliberate judgment of the judge that he would select the names in this manner. The wheel is brought in by the sheriff and the clerk and in the presence of the judge the names are drawn, the judge thereby makes it his act, and it seems to me that the rights of the parties are in the highest sense safeguarded.